# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ivan G.M., | No. 26-cv-01293-SRB-DTS |
| Petitioner, | |
| v. | **ORDER** |
| David Easterwood, *et al.*, | |
| Respondents. | |

Before the Court is Petitioner Ivan G.M.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background

Petitioner is a citizen of Ecuador who has lived in the United States since 2021. Petitioner alleges that he has a pending appeal with the Board of Immigration Appeals ("BIA") for his I-589 Application for Asylum. He also alleges that "[o]n January 7, 2026, Immigration and Customs Enforcement ("ICE") arrested [Petitioner] without a warrant[.]" (Doc. #1, p. 2.)

### A. 8 U.S.C. § 1226(a)

Respondents acknowledge that this petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided. Nevertheless, Respondents "assert all arguments raised by the government in [*Buenrostro-Mendez v. Bondi*, No. 25-20496F, 4th (5th Cir. Feb. 6, 2026)] and in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition." (Doc. #7, p. 1.) The Court concludes that Petitioner is not subject to the provisions of Section 1225(b)(2) and is instead subject to

the provisions of Section 1226(a). *See, e.g., Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

### B. Immediate Release

The Court has concluded that if a petitioner is subject to the provisions of Section 1226(a), the Government must have issued a warrant justifying detention in the first place. *See Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). If the Government does not do so, immediate release is the appropriate remedy. *Id.* Petitioner alleges that "[o]n January 7, 2026, Immigration and Customs Enforcement ("ICE") arrested [Petitioner] without a warrant[.]" (Doc. #1, p. 2.) Respondents attach to their answer an administrative warrant issued to Petitioner on February 7, 2026.

Despite the Court's Order directing Respondents to include in their answer "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition[,]" (Doc. #5, p. 1), the record is unclear on whether the warrant was issued before or after Petitioner's arrest. The Court recognizes that under 8 U.S.C. § 1357(a)(2), an immigration officer may "arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." Respondents have not provided any information showing that the immigration officer who arrested Petitioner had reason to believe that the Petitioner was in the United States in violation of any law or regulation and was likely to escape before a warrant for his arrest could be obtained. To the contrary, the record indicates that "Petitioner was pursuing a lawful appeal of his case and had not missed a single hearing throughout his immigration case." (Doc. #9, p. 6.)

Convinced by the unlawfulness of Petitioner's detention under § 1225(b)(2), and Respondents' failure to establish the lawfulness and correct duration of Petitioner's detention under § 1226(a), the Court finds that immediate release is the proper remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. Respondents shall immediately return Petitioner to Minnesota if they have not already done so, but no later than 48 hours from the date of this Order.

4. Respondents shall immediately release Petitioner upon his return to Minnesota, but no later than 72 hours from the date of this Order.

5. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

6. When Petitioner is released, Respondents must return to him any property and documents that they have taken from him, including identity documents and immigration documents.

7. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

8. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 23, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge